## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-22149-CIV-MORENO/O'SULLIVAN

SUSANA DAVILA,
and other similarly situated individuals,

    Plaintiff,

v.

KLACORALGABLES, LLC,
ROBERTO X. ORTEGA, and
DANA M. GRIMES,

    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, **KLACORALGABLES, LLC** ("**KLA**"), **ROBERTO X. ORTEGA**, and **DANA M. GRIMES** (collectively, "**Defendants**"), submit their Answer and Affirmative Defenses to the Complaint (the "**Complaint**") filed by Plaintiff **SUSANA DAVILA** ("**Plaintiff**"), and state as follows:

1. Defendants admit the allegation contained in Paragraph 1 of the Complaint that Plaintiff brings this action for unpaid wages under the Fair Labor Standards Act ("**FLSA**"). Defendants deny that Plaintiff is entitled to any recovery, attorney's fees, and costs under the FLSA.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint that the Court has jurisdiction.

3. Defendants admit that, during the relevant period, Plaintiff was a resident of Miami-Dade County, but deny the remaining allegations.

- 2 -

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint that KLA has its place of business in Miami-Dade County, Florida, and that Plaintiff worked for KLA, but deny the remaining allegations.

5. Defendants admit the allegation contained in Paragraph 5 of the Complaint that Mr. Ortega is a corporate officer of KLA, but deny the remaining allegations.

6. Defendants admit the allegation contained in Paragraph 6 of the Complaint that Ms. Grimes is a corporate officer of KLA, but deny the remaining allegations.

7. Defendants admit the allegation contained in Paragraph 7 of the Complaint that venue is proper in this District, but deny that Plaintiff is entitled to any recovery, attorney's fees, and costs under the claims.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS**

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

## COUNT I

## FLSA Claim Against KLA

13. Defendants reassert their responses to the allegations contained in Paragraphs 1 to 12 of the Complaint as if set forth herein.

14. Defendants admit the allegation contained in Paragraph 14 of the Complaint that Plaintiff brings this action under the FLSA, but deny the remaining allegations and deny that Plaintiff is entitled to recovery under the FLSA.

15. Defendants admit the allegation contained in Paragraph 15 of the Complaint that the Court has jurisdiction in FLSA matters, but deny any violation of the FLSA.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint, including the "Wherefore" Paragraph following Paragraph 21.

## COUNT II

### FLSA Claim Against Mr. Ortega

22. Defendants reassert their responses to the allegations contained in Paragraphs 1 to 12 of the Complaint as if set forth herein.

23. Defendants admit the allegation contained in Paragraph 23 of the Complaint that Mr. Ortega is an officer of KLA.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint, including the "Wherefore" Paragraph following Paragraph 26.

## COUNT III

### FLSA Claim Against Ms. Grimes

27. Defendants reassert their responses to the allegations contained in Paragraphs 1 to 12 of the Complaint as if set forth herein.

28. Defendants admit the allegation contained in Paragraph 28 of the Complaint that Ms. Grimes is an officer of KLA.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint, including the "Wherefore" Paragraph following Paragraph 31.

32.   Defendants deny any and all of the allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff performed services as a teacher and, thus, is exempt under the FLSA pursuant to § 213(a)(1).

### SECOND AFFIRMATIVE DEFENSE

All wage and compensation-related decisions made with respect to Plaintiff were made in good faith and in conformity with, and in reliance of, all regulations, statutes, and administrative rulings.  Moreover, Defendants had reasonable grounds to believe that their actions were not in violation of the FLSA.

### THIRD AFFIRMATIVE DEFENSE

The relief Plaintiff seeks in the Complaint for the multiple claims asserted is duplicative and, therefore, cannot be granted.

### FOURTH AFFIRMATIVE DEFENSE

Any recovery against Defendants should be set off by whatever benefits, payments and/or additional amounts Plaintiff received from Defendants.

### DEMAND

**WHEREFORE**, Defendants request that the Court dismiss the Complaint in its entirety, and award Defendants their costs and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for Defendants
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida  33131
(305) 347-7337
(305) 347-7837 (Facsimile)
rgl@shutts.com


By: *s/ Rene Gonzalez-LLorens*
   Sheila M. Cesarano
   Florida Bar No. 708364
   Rene Gonzalez-LLorens
   Florida Bar No. 53790


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of June, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Anthony M. Georges-Pierre, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
E-Mail: pmh@rgpattorneys.com
*Attorneys for Plaintiff*

               *s/ Rene Gonzalez-LLorens*
               Of Counsel

MIADOCS 13122760 1